**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1708
_____

ANDRES FEDERICO MACIAS-CHAMAIDAN,
                                                  Petitioner

v.

U.S. ATTORNEY GENERAL
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A208-058-485)
Immigration Judge:  Laura N. Pierro
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 2, 2026
Before:  KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed:  January 12, 2026)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Andres Federico Macias-Chamaidan, a citizen of Ecuador, petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA"). For the reasons that follow, we will deny the petition.

## I.

Macias-Chamaidan entered the United States unlawfully in 1995. In 2015, the Government charged him with removability for being present in this country without having been admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Through counsel, Macias-Chamaidan conceded removability but applied for cancellation of removal, asserting that his removal would result in "exceptional and extremely unusual hardship" to his U.S. citizen children. 8 U.S.C. § 1229b(b)(1)(D). Macias-Chamaidan also filed a "Motion to Terminate Proceedings Under *Pereira v. Sessions*, [585 U.S. 198] (2018),"[1] arguing that defects in the notice to appear ("NTA") required dismissal of the proceedings for lack of jurisdiction.

An Immigration Judge ("IJ") denied Macias-Chamaidan's application for cancellation of removal, concluding that he failed to demonstrate the requisite hardship to his children, then ages 13 and 16. The IJ also orally denied the motion to terminate proceedings. Macias-Chamaidan filed a pro se appeal with the BIA. The BIA dismissed the appeal, agreeing with the IJ that the hardship requirement was not met. Like the IJ,

---

[1] *Pereira* held that where a notice to appear does not include the time and place of the hearing, it does not "trigger the stop-time rule," and the time period of continuous physical presence required for cancellation of removal continues to accrue. 585 U.S at 208-09.

2

the BIA also rejected Macias-Chamaidan's argument that the proceedings against him should be terminated because of defects in the NTA. Macias-Chamaidan filed a timely pro se petition for review of the BIA's decision.

## II.

We have jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252(a). We review the IJ's and BIA's decisions together, as the BIA both relied on the IJ's conclusions and provided its own analysis. *See Thayalan v. Att'y Gen.*, 997 F.3d 132, 137 (3d Cir. 2021). Our review of the Agency's hardship determination in a cancellation-of-removal proceeding is governed by the substantial evidence standard. *See Wilkinson v. Att'y Gen.*, 131 F.4th 134, 142 (3d Cir. 2025). Under that standard, an agency determination is conclusive "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Nasrallah v. Barr*, 590 U.S. 573, 584 (2020) (quotation marks and citations omitted). We review the Agency's legal rulings de novo. *See Manuel-Soto v. Att'y Gen.*, 121 F.4th 468, 472 (3d Cir. 2024).

## III.

In support of his hardship claim, Macias-Chamaidan asserted that his children would suffer financially and emotionally if he were removed to Ecuador. In addition to the testimony of Macias-Chamaidan and letters from the children, Macias-Chamaidan submitted a three-page report from a licensed psychologist. See A.R. at 22-24. The report, which was made almost two years prior to the IJ hearing, indicated that the children lived with their mother, but were with Macias-Chamaidan every Saturday, and that he paid child support. The psychologist interviewed the children, who "stated that

3

they are afraid that their father may be deported," and "that they are very close to him and he helps them a lot." A.R. at 22. The children also indicated that they would be "depressed" and "very sad" without their father. A.R. at 22. The report concluded, without further elaboration, that "the separation of the children … from their father … will cause the U.S. citizen children significant severe, continuous, and enduring hardship," and that the children would "also be affected financially because [Macias-Chamaidan] pays child support to help support them." A.R. at 24.

The Agency's determination that Macias-Chamaidan failed to establish the requisite hardship to warrant cancellation of removal is supported by substantial evidence. Macias-Chamaidan argues that the Agency disregarded evidence that his children would suffer, including the report from the psychologist. *See* 3d Cir. ECF No. 13 at 3. However, both the IJ and the BIA specifically referenced the report in their decisions. The IJ acknowledged the report's conclusion that the children's separation from their father would result in "significant, severe, continuous and enduring hardship," but also noted concerns with the report, including its failure to include a curriculum vitae describing the psychologist's qualifications, and the lack of any follow up with the children in the nearly two years after the report was issued. The BIA also specifically acknowledged the report and its conclusions, but determined that it could not "conclude from this report, or other record evidence, that the hardship to the [Petitioner's] children, who have not been diagnosed with any mental health issues or psychiatric problems, would be greater than typical in such circumstances." A.R. at 2 (citing *In re Monreal*, 23

4

I&N Dec. 56, 65 (BIA 2001); *see also Wilkinson,* 131 F.4th at 143-44 (stating that "feeling sad" cannot be characterized as "extremely unusual" hardship).

Further, the IJ considered Macias-Chamaidan's concerns about providing for his family if removed and determined that the evidence was insufficient to conclude that the children "would be placed in such a situation whereby they would be at risk in the future of abject poverty." A.R. at 68-69. In reaching this conclusion, the IJ acknowledged Macias-Chamaidan's regular payments of child support, but noted as well that the children do not live with him and that he does not provide their medical insurance. As the BIA noted, "reduced economic and educational opportunities, without more, do not rise to the level of 'exceptional and extremely unusual' hardship." A.R. at 2-3 (*citing In re Andazola*, 23 I&N Dec. 319 (BIA 2002)). Considering the record before the Agency as a whole, we agree that there was "not sufficient evidence in the record to establish that the hardship to the [Petitioner's] United States citizen children … resulting from his removal would rise to the level of exceptional and extremely unusual." A.R. at 2; *see also Wilkinson*, 131 F.4th at 142 (noting that "'exceptional and extremely unusual hardship' … has long been understood to require a showing 'substantially beyond the ordinary hardship that would be expected when a close family member leaves this country.'") (citations omitted).[2]

---

[2] To the extent Macias-Chamaidan challenges the Agency's factual findings and weighing of the evidence, "factual findings remain strictly unreviewable." *Wilkinson*, 131 F.4th at 139; *see also Wilkinson v. Garland*, 601 U.S. 209, 224-25 ("For instance, an IJ's factfinding on credibility, the seriousness of a family member's medical condition, or the level of financial support a noncitizen currently provides remain unreviewable.").

5

We likewise discern no error in the denial of Macias-Chamaidan's motion to terminate the proceedings, which argued that the IJ lacked jurisdiction over his proceedings because the NTA did not specify the time and date of his initial hearing. "[W]hile § 1229(a) sets forth the type of notice that must be given to a noncitizen and requires an NTA to include a date and time to appear, the absence of that information does not impact the IJ's authority to act." *Chavez-Chilel v. Att'y Gen.*, 20 F.4th 138, 142-43 (3d Cir. 2021); *see also Nkomo v. Att'y Gen.*, 930 F.3d 129, 133 (3d Cir. 2019) (rejecting jurisdictional argument).

As substantial evidence supports the Agency's hardship determination, and as it properly denied Macias-Chamaidan's motion to terminate proceedings, we will deny the petition for review.[3]

---

[3] To the extent that Macias-Chamaidan argues that he merits cancellation of removal as an exercise of discretion, that issue is not properly before this Court, as neither the IJ nor the BIA considered the issue.